UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                              )
                                    )
Kenneth Ray Fields,                 )    Case No. 09-11159C-7G
                                    )
        Debtor.                     )

## OPINION AND ORDER

This case came before the Court on February 16, 2010, for hearing on a motion by the United States Bankruptcy Administrator ("BA") for summary judgment as to his motion to dismiss this case pursuant to section 707(b)(2) of the Bankruptcy Code. Robert E. Price, Jr. appeared on behalf of the BA and Kenneth M. Johnson appeared on behalf of the Debtor.

If granting relief to a debtor whose debts are primarily consumer debts would be an abuse of the provisions of chapter 7, section 707(b)(1) of the Bankruptcy Code allows the Court to dismiss a chapter 7 case, or with a debtor's consent, convert it to chapter 11 or 13. Section 707(b)(2) provides that a presumption of abuse arises if a debtor's current monthly income, reduced by the amounts determined under clauses (ii), (iii), and (iv) of section 707(b)(2)(A), and multiplied by 60, is not less than the lesser of: 1) 25 percent of the Debtor's nonpriority unsecured claims in the case, or $6,575, whichever is greater; or 2) $10,950.

It is admitted in this case that the Debtor's debts are primarily consumer debts. Also, the Debtor's statement of monthly income and means-test calculation, the Form B22A, reflects that the

Debtor is an above median income debtor, that he has disposable monthly income of $971 (line 50) and that his 60-month disposable income is $58,260 (line 51). These figures and the calculation leading to these figures are not disputed. According to the Debtor's Schedule F, his nonpriority unsecured debts total only $700, which means that the figure to use in determining whether there is a presumption of abuse is $6,575 since that figure is greater than 25 percent of his nonpriority unsecured debts and less than $10,950.[1] Since the Debtor's 60-month disposable income under section 707(b)(2)(A)(i) is not below the $6,575 figure specified in section 707(b)(2)(A)(i)(I), the presumption of abuse under section 707(b)(2) arises. Under section 707(b)(2)(B)(i), the presumption of abuse "may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative." The Debtor offered no evidence of any such circumstances. It follows that the motion for summary judgment should be granted and that this case

---

[1] The Debtor listed a $13,000 judgment in Schedule D as a secured debt. The judgment is listed as being against the Debtor alone. If that is correct, the judgment does not constitute a lien against Debtor's residence which is owned with his spouse as a tenancy by the entirety and thus would be a nonpriority unsecured claim. This would not change the calculation required under section 707(b)(2)(A), however, since $6,575 would still be greater than 25 percent of nonpriority unsecured debts.

should be dismissed pursuant to section 707(b) of the Bankruptcy Code.

It is, therefore, ORDERED, ADJUDGED AND DECREED that the BA's motion for summary judgment is hereby granted and this case shall be and hereby is dismissed pursuant to section 707(b) of the Bankruptcy Code.

This 22nd day of February, 2010.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Kenneth M. Johnson, Esq.
P.O. Box 21247
Greensboro, NC 27420

Kenneth Ray Fields
5173 Hicone Road
McLeansville, NC 27301

Michael D. West, Bankruptcy Administrator